IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL LEO SCHWIETZER,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF OREGON,<br><br>        Respondent. | Civil No. 05-1556-CL<br><br>FINDINGS AND<br>RECOMMENDATION |

CLARKE, Magistrate Judge.

On February 23, 2000, petitioner was sentenced in Multnomah County Case No. 9906-34033 to two years probation, with a special condition that he serve 240 "custody units (of which 120 were jail custody]. Petitioner designates this [theft] conviction as his "2000 conviction".

On February 26, 2001, petitioner was sentenced in Multnomah County Case No. 00-09-37478 for crimes he committed while on probation for the theft conviction. Petitioner designates these as his "2001 conviction." On one of the new crimes [Burglary I], the trial court sentenced petitioner to

1 - FINDINGS AND RECOMMENDATION

fifty months imprisonment as a departure sentence, because petitioner was "on probation at the time of the offense." Respondents Exhibit 101, p. 2 of Judgment.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2000 conviction on various grounds.

Respondent contends that the court should dismiss petitioner's petition on the ground that petitioner is not "in custody" for purposes of challenging his "2000 conviction" under 28 U.S.C. § 2254.

A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence. Maleng v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam).

In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court created a limited exception to the

2 - FINDINGS AND RECOMMENDATION

rule that an expired sentence cannot be challenged on the basis that it was used to enhance a present sentence. In Lackawanna, the Court re-iterated the usual "in custody" rule, but found an exception when the basis for the challenge to the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). The Court recognized that "'the failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations." Lackawanna at p. 1574, quoting Custis v. United States, 511 U.S. 485 (1994). See also, Daniels v. United States, 532 U.S. 374 (2001) [same holding applied to motions under 28 U.S.C. § 2255].

In this case, petitioner seeks to challenge a February 23, 2000, theft conviction and sentence. That sentence has been completely served or has expired. Petitioner's claim is that the expired sentence was used to enhance his present sentence. Petitioner has not alleged a failure to appoint counsel (*Gideon*) claim with respect to the challenged conviction. Therefore, he does not fall within the narrow exception based on that "unique constitutional defect" set forth in Lackawanna.

Under these circumstances petitioner is not in custody for purposes of challenging the conviction he seeks to

3 - FINDINGS AND RECOMMENDATION

challenge in this proceeding. Petitioner's Petition should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 21 day of May, 2007.

Mark D. Clarke
United Magistrate District

4 - FINDINGS AND RECOMMENDATION